**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4381**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CHRISTIE LYNN HERRERA,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:13-cr-00070-D-3)

Submitted:  November 20, 2014      Decided:  November 24, 2014

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christie Lynn Herrera pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced her, below the advisory Guidelines range, to eighty-four months' imprisonment. Herrera timely appealed.

Counsel for Herrera filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring there are no meritorious grounds for appeal, but questioning the substantive reasonableness of Herrera's sentence. Herrera was advised of her right to file a pro se supplemental brief but did not do so. The Government has moved to dismiss the appeal of Herrera's sentence based on the appellate waiver provision in her plea agreement. For the reasons that follow, we grant the Government's motion and dismiss this appeal as to Herrera's sentence, and we affirm her conviction.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). A

2

defendant's waiver is valid if she agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

Our review of the record confirms that Herrera knowingly and voluntarily waived the right to appeal her sentence, reserving only the right to appeal a sentence in excess of the Guidelines range established at sentencing. Because the district court imposed a below Guidelines sentence, we grant the Government's motion to dismiss and dismiss the appeal of Herrera's sentence.

Herrera's appeal waiver does not preclude appellate review of her conviction. Counsel does not challenge the conviction on appeal, and our review of the record, conducted pursuant to Anders, revealed no potentially meritorious claims relevant to the validity of Herrera's conviction. We therefore affirm the judgment as to Herrera's conviction.

This court requires that counsel inform Herrera, in writing, of her right to petition the Supreme Court of the United States for further review. If Herrera requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Herrera. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4